TAYLOR, J.
(concurring). I concur in the result of Justice KELLY’s opinion. I reach this conclusion not, as the dissents suggest, on the basis of hindsight, but on the fact that defense counsel was faced with a first-degree criminal sexual conduct (CSC I) charge in which it was not simply a “who do you believe” contest between an injured girl and the defendant where she says it happened and he says it did not. Rather, it was a “who do you believe” contest plus the prosecution had the additional evidence of a savage vaginal injury that surely would make a lot of people think that criminal sexual conduct happened unless there was another explanation for the injury.
While it is not ineffective to say the injured girl is a liar and always had been (especially given the other two charges), that defense will only cover the usual case that turns on credibility and for which there is no physical evidence. Where there is such incriminating evidence and the injured girl is now asserting that *499 defendant, and not a bicycle accident, caused her injury, an investigation to find witnesses to the bicycle accident is required. To fail to do so is not a reasonable, professional judgment. Strickland v Washington, 466 US 668, 690-691; 104 S Ct 2052; 80 L Ed 2d 674 (1984).
MARKMAN, J., concurred with TAYLOR, J.